UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Khadejiah Brooks,<br>Plaintiff,<br><br>v.<br><br>Crossroads Treatment Center of Charleston, PC d/b/a Crossroads Treatment Center,<br>Defendant. | CASE NO: 2:25-cv-529-BH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964, and for violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about November 8, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Khadejiah Brooks, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Crossroads Treatment Center of Charleston, PC d/b/a Crossroads Treatment Center, upon information and belief, is a domestic corporation organized and operating in the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about July 11, 2022, the Plaintiff, an African American, began working for the Defendant as a Substance Abuse Counselor. At all times, the Plaintiff was efficient and effective in her job.

11. On or about August 12, 2023, the Plaintiff was written up for bringing her child to work with her, even though similarly situated Caucasian co-workers were not written up for bringing their children to work with them.

12. On or about September 1, 2023, Plaintiff had a discussion with the clinical director, Courtney Bowman, Ms. Bowman stated to Plaintiff "you niggers are so ungrateful." Plaintiff reported the racial discrimination to Defendant, but nothing was done.

13. Later, the Plaintiff discovered that Ms. Bowman's husband was a patient of the Defendant. When word got back to Ms. Bowman that Plaintiff knew about her husband, she confronted Plaintiff and told her that she could lose her job if that information got out.

14. One Saturday, the Plaintiff did not have a sitter for her child, so she texted Defendant to let them know. Another co-worker stated that she could cover for Plaintiff, but Ms. Bowman told her no and said that everyone needed to cover their own days, even though similarly situated Caucasian co-workers were allowed to call out on Saturdays.

15. Ms. Bowman later told Plaintiff that she thought that she could call out because she was black. The Plaintiff started to feel like she was being targeted because none of this was ever an issue for her similarly situated Caucasian co-workers, and she was told that Ms. Bowman was trying to get her fired.

16. On or about January 18, 2024, in an email to Human Resources, the Plaintiff again reported the harassment and discrimination, but nothing was done. The Plaintiff then had to take medical leave from January 19, 2024 until April 17, 2024.

17. On or about April 17, 2024, when the Plaintiff returned to work, she was constructively discharged due to the harassment and discrimination she underwent, which caused a hostile work environment for Plaintiff.

18. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment.

19. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and constructively discharged based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on her race;

   b. In showing preferential treatment to non-African American employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and retaliating against those who were in a protected class.

23. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

24. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

25. The Plaintiff's race was a determining factor in the disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's race, she would not have been discharged.

26. As a direct and proximate result of the Defendant's discrimination on the basis of race, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation – Title VII

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. As alleged above, the Plaintiff complained to the Defendant on several occasions about racial discrimination.

31. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

32. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

33. The Defendant's stated reasons for retaliation and constructive discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

34. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and constructive discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been constructively discharged.

35. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

36. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

37. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

38. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

39. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

40. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Retaliation

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. The Defendant's discipline against Plaintiff and constructive discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

43. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

44. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

45. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A FOURTH CAUSE OF ACTION
## Hostile Work Environment – Title VII

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

48. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

49. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

50. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

51. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIFTH CAUSE OF ACTION
### Constructive Discharge

52. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

53. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

54. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq*.).

55. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

56. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/Dominic M. Nation
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
January 28, 2025